**CARPETLAND, INCORPORATED,**
**Appellant,**

**v.**

**John NIXON, Appellee.**

**No. 6785.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 16, 1965.

Rehearing Denied Oct. 6, 1965.

Long & Parker, Port Arthur, for appellant.

Jerry L. Zunker, Orange, for appellee.

PARKER, Justice.

Carpetland, Inc., sued John Nixon on sworn account for the reasonable value of carpeting with matting installed in home of defendant, plus $375.00 attorney's fee. Defendant Nixon under oath denied the account was just or true, and, by way of cross-action sued Carpetland to rescind the purchase, for damages caused by dirt and dust and to recover a $50.00 down payment. Nixon's defensive pleadings are reflected in the jury findings. Both plaintiff and defendant moved for judgment upon the verdict of the jury. Judgment was en-

tered for defendant, Nixon. The parties will be designated as in the trial court, or as appellant and appellee.

The jury found the carpet was a first line carpet as represented by plaintiff to defendant; that same would not have been purchased by defendant unless it had been a first line carpet; that plaintiff did not represent the carpet to be the best quality or of the same quality shown to defendant or that faults and flaws observed by defendant's wife were only in the end and that these would be cut off prior to installation or that there were no other faults or flaws in the carpet; that the reasonable market value of the carpet and mat, in the condition it was then in, when installed in June, 1964, in defendant's home was $950.00; that plaintiff failed to install the carpeting in the home of defendant in a workmanlike manner and in accordance with the best practice but it was not entirely unsuitable for the use for "which it was known by Carpetland, Inc., that John Nixon intended to make of it."; that plaintiff was negligent in sanding the floors and by dust and dirt damaged defendant's home in the amount of $25.00; that defendant did not rescind the purchase contract at any time; that the reasonable attorney's fee due Carl A. Parker representing plaintiff amounted to $425.00.

■ The suit is filed in the nature of a sworn account, the justness and correctness of such account being challenged. No exceptions to the pleadings were filed by defendant. The issues as submitted indicate the court was attempting to discover the market value of the carpet as installed. Defendant made no objection to the charge. Even though the jury found the carpet was not installed in a good and workmanlike manner, the issue on damages, as submitted, established the value of such carpet when taken with the other jury findings. Under these circumstances, with the jury having found no fraud or misrepresentation, plaintiff was entitled to judgment on the issues.

No statement of facts is before this court. No motion was made by either party for judgment non obstante veredicto. Appellant's point of error that the court below erred in denying its motion for judgment on the verdict of the jury is sustained. Appellant's point of error that the trial court erred in granting the motion of appellee for judgment on the verdict of the jury for $75.00 is overruled except that said amount should be credited on the indebtedness of defendant to plaintiff as hereinafter adjudged.

■ Since the pleading of plaintiff for $375.00 attorney's fee was not amended, plaintiff is limited to such amount even though the jury found such services to be reasonably worth $425.00.

It appearing that this case was fully developed, leaving no matter of fact to be ascertained, the judgment of the court below is reversed in part and reformed in part, and as reversed and reformed, judgment is here rendered as follows:

Carpetland, Inc. is ordered, adjudged and decreed to recover of and from John Nixon the sum of $1,250.00, together with interest at the rate of six per cent per annum from January 1, 1965, on $875.00 thereof and from date of judgment on $375.00 thereof. Such $1,250.00 is composed of $950.00 value of carpeting, plus $375.00 attorney's fee, less the total of the down payment of $50.00 and the $25.00 damages.

All costs are adjudged against John Nixon.