Bailey Allen **SWENSON**, Appellant,

v.

Kathryn Thomas **SWENSON**, Appellee.

No. 4075.

Court of Civil Appeals of Texas.

Eastland.

Aug. 12, 1966.

Rehearing Denied Sept. 2, 1966.

Reynolds, White, Allen & Cook, Joe H. Reynolds and Grant Cook, N. Wyatt Collier, Houston, for appellant.

Monroe R. Talley and William F. Guest, Houston, for appellee.

COLLINGS, Justice.

Kathryn Thomas Swenson brought suit against Bailey Allen Swenson seeking dissolution of the bonds of matrimony existing between them, custody of and support for their two minor children, a division of their community property and attorneys' fees. The case was tried before a jury and based upon some of its findings, other findings by the court and stipulations, judgment was entered granting plaintiff a divorce, custody of the two minor children and ordering defendant to make monthly contributions for the support of the children. The court also decreed a disposition of the community and separate property owned or claimed by the parties in a manner found to be fair and equitable and decreed that the defendant should pay to plaintiff $20,000.00 for attorneys' fees. Bailey Allen Swenson has appealed.

Appellant's points complain of the manner in which the court divided the community property between the parties and of the disposition of appellant's separate property. He contends (1) that the court erred in invading the separate estate of appellant for the benefit of appellee, (2) that the division of the community estate of the parties was unfair and unjust and (3) that the amount of attorneys' fees was excessive.

There were numerous items of community property owned by the parties and separate property belonging to appellant. The status of some of the property was in dispute. Issues were submitted to the jury inquiring whether or not certain items of property constituted community property of the parties with an appropriate definition of the term "community property". Special issue number 1 inquired whether

or not 2150 shares of Texas Coast Broadcasters, Inc., stock, standing in the name of appellant constituted community property, and the jury answered "We do not." The jury found that 10,000 shares of stock in the Brazos Corporation and certain property designated as "Brazos property" were community property. The court set aside the jury's findings with respect to the Brazos stock and the Brazos property and specifically found both of these items to constitute separate property of appellant.

Before and during the trial it was stipulated that certain items theretofore claimed by appellant as his separate property were, in fact, part of the community. Shortly before the trial appellant by stipulation admitted that 90% of the funds used to pay for the stock in Texas Coast Broadcasters, Inc., were community property and that all stock owned by him in Texas Coast Broadcasters of Beaumont, Inc., was community property. At the close of the trial appellant admitted that the stock he owned in KNUZ Television Company was community property. Based upon the findings of the jury and court and stipulations of appellant, the court awarded to appellee title to the following property, subject to such liens and claims as might then appear of record, to-wit:

"1. 967.5 shares of stock in Texas Coast Broadcasters, Inc.

2. 19.375 shares of stock in Texas Coast Broadcasters of Beaumont, Inc.

3. 50 shares of stock in KNUZ Television Company, subject to the contract of sale thereon.

4. One and one-half percent (1½%) of Hillside Apartments, 5200 Memorial Drive, Houston, Texas.

5. Land and improvements located at 1619 Castle Court, Houston, Texas, subject to the indebtedness thereon.

6. All of the paintings, objects of art and sculpture.

7. All of the furniture, furnishings, equipment, fixtures and books located at 1619 Castle Court, Houston, Texas."

The court awarded to appellant title to the following described property, subject to such liens and claims as might then appear of record, to-wit:

"1. 1182.5 shares of stock in Texas Coast Broadcasters, Inc.

2. 19.375 shares of stock in Texas Coast Broadcasters of Beaumont, Inc.

3. 50 shares of stock in KNUZ Television Company, subject to the contract of sale thereon.

4. One and one-half (1½%) of Hillside Apartments, 5200 Memorial Drive, Houston, Texas.

5. All of the furniture, furnishings (less paintings, objects of art and sculpture), equipment, fixtures and books located at 3106 Brazos Street, Houston, Texas.

6. One 1964 Ford Stationwagon automobile.

7. All accounts receivable judgments and claims of the community, subject to all of the community indebtedness including community income taxes, to date of judgment (except the indebtedness against 1619 Castle Court, Houston, Texas.)"

The essence of appellant's complaint is that the court abused its discretion in dividing the estate of the parties. Appellant contends that the result of the court's division of the community assets and liabilities is that appellant is left with a net liability of $41,931.24, while appellee was awarded assets from the community of the value of $45,053.76. Appellant further contends that the court invaded his separate property and awarded to appellee therefrom 967.5 shares of radio stock of the value of $31,516.50. Appellant contends that the stock in Texas Coast Broadcasters, Inc., was found by the jury to be separate prop-

erty and that the court erroneously awarded to appellee one-half of 90% of such stock.

It is noted that throughout the trial appellee's contention was that all of the Texas Coast Broadcasters stock was community property; that the capital account had been mixed together as one; that no accounting separated pre-marriage "separate" capital from post-marriage "community" capital, and that therefore such commingling caused a complete loss of identity of appellant's separate property. Special issue number 1 submitted to the jury concerning this stock and the answer thereto are as follows:

"Do you find from a preponderance of the evidence that the interest represented by 2150 shares of stock, standing in the name of the Defendant, Bailey A. Swenson, in the Texas Coast Broadcasters, Inc., constitutes community property, as that term is herein defined?

Answer: We do not."

The above special issue and answer considered alone do seem to indicate a finding that all of the shares of such radio stock were the separate property of appellant. However, when the finding is considered in connection with appellee's contention that all of such stock was community property and appellant's stipulation that 90% of the funds used to pay for such stock were community property it is obvious that a reasonable interpretation of the answer of the jury to the special issue is that the radio stock was not all community property as contended by appellee, but was only 90% community as shown by the stipulation. The stipulation is, in effect, that at the time of the marriage of the parties in 1950, appellant's interest or share in the capital account of the partnership then owning the television station was $4,263.49; that in 1962 appellant, as a result of accumulated retained earnings, had an increased interest in the capital account of $41,020.40, stipulated to be community property, in addition to the original interest of $4,263.49. By

reason of the stipulation 90% of such stock was community property. The controversy concerning the status of such stock involved only the 10% thereof which appellee claimed to be community property because it was commingled. The court obviously so interpreted the finding of the jury and properly awarded 967.5 shares of the stock to appellee as her community property, which was ½ of the 90% community interest therein, and awarded 1182.5 shares to appellant, which included his community and separate interest therein.

There is a marked disagreement between the parties concerning the value of the 2150 shares of stock in Texas Coast Broadcasters, Inc. The question is material to a determination of the points urged by appellant. Appellant contends that the value of the stock at the time of the trial was $70,090.00 as shown by the inventory filed by him. Appellee contends that the value of the stock at such time was $215,000.00 as shown by a financial statement made by appellant to the Houston National Bank, Houston, Texas, dated January 1, 1963. The evidence also shows dividends on the stock for 1962 to be $15,815.90, for 1963 to be $23,671.00 and for 1964 to be $35,532.50.

The parties also disagree concerning the amount of the indebtedness with which appellant is burdened. The inventory filed by appellant shows him to be burdened with indebtedness in the amount of $57,860.00. Appellee urges that appellant's estimate of the indebtedness with which he is burdened is error and that apart from mortgages relating to real estate belonging to or awarded to the parties, the debt with which appellant is burdened amounts to only $8,683.45. Appellee accepts as true the figures shown on appellant's supplemental inventory which shows the total indebtedness of the parties to be $49,212.23. Appellee deducts from this amount $8,618.94, being the amount of the indebtedness allocated by the court to appellee secured by mortgages on the residence which was

awarded by the court to appellee. Appellee also deducts $31,909.84, the amount of the indebtedness secured by a mortgage on the Brazos Street real estate which was awarded to appellant. There was also evidence to the effect that over $20,000.00 of community funds had been expended in improving the Brazos Street property.

It is appellee's contention that the evidence shows the division of the property and the value thereof to be as follows:

|  | "Appellee | Appellant |
|---|---|---|
| (a) Radio Station (1963 bank statement, 2150 shares @ 100/share, or $215,000) | $ 96,850 | $118,250 |
| (b) Beaumont Station (1963 bank statement 2000 shares @ 27.50/share, or $55,000) | 533 | 533 |
| (c) T. V. Station (contract 5% of $350,000) | 8,750 | 8,750 |
| (d) Hillside Apartments (3% of $750,000, or $11,000 equity) | 5,500 | 5,500 |
| (e) Brazos Street property (1963 bank statement, $95,000 less $31,374 encumbrance, or $63,624 equity) (Separate property of appellant | –0– | 63,624 |
| (f) Residence, Castle Court ($16,000 less $8,020 encumbrance, or $7,980 equity) | 7,980 | –0– |
| (g) Paintings, art and sculpture | 18,926 | –0– |
| (h) Castle Court furnishings | 3,639 | –0– |
| (i) Brazos Street Furnishings | –0– | 300 |
| (j) Ford Stationwagon | –0– | 1,000 |
| (k) Accounts receivable | –0– | 16,000 |
|  | $142,178 | $213,957" |

■ We overrule appellant's contention that the court erred in invading the separate estate of appellant for the benefit of appellee and that the division of the community estate of the parties was unfair and unjust. In our opinion the evidence does not show that the court abused its discretion in dividing the estate of the parties.

■ Appellant's third point complains of the action of the court in awarding attorneys' fees to appellee in the amount of $20,000.00. The evidence relating to this question was testimony of appellee's attorney who stated that he necessarily contributed 547 hours to the case and that his associate had spent 187 hours. He testified that the reasonable value of such services was $20,150.00. Appellant's contention is that it was not reasonable for appellee's attorney to spend that much time in a divorce suit where no more property or estate was involved than that shown in this case. Appellant contends that the net value of the community estate of the parties was only $3,122.52.

Appellee contends and there is evidence in support thereof that the value of the properties in controversy was at least $347,452.00. She asserts that practically all of the properties were claimed by appellant as his separate property even at the end of three days of trial. The jury heard the evidence concerning the status of the various items of property, their values, the respective abilities of the parties and the

evidence regarding the extent and value of the legal services. The jury found that it was necessary for appellee to file and maintain her suit for divorce and that she did so in good faith. The jury found that the reasonable value of the legal services rendered to appellee was $20,000.00. We overrule appellant's point complaining of the excessiveness of the attorneys' fees.

The judgment is affirmed.