**D. Stephen MENZIES, Appellant,**

**v.**

**Beverly P. MENZIES, Appellee.**

**No. 15106.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 28, 1967.

Ben L. Adams, Jr., Houston, for appellant.

Presley E. Werlein, Jr., Houston, for appellee.

COLEMAN, Justice.

This is a suit for divorce. The appeal is from that portion of the final judgment setting child support and attorney's fees.

Appellant contends that the trial court abused its discretion in setting child support payments in the sum of $250.00 per month for the reason that the evidence established that the net profits from appellant's business had averaged only about $640.00 per month from July, 1966, to the date of the trial in December, 1966.

There was testimony in detail concerning the business income and expenses for the period July 1, 1966, to September 30, 1966. Gross income for the period was $6,730.09. Expenses allowed for income tax purposes were shown to be $4,809.98. Appellant testified that his income and expenses for the following quarter were about the same. He testified that he owed the United States Government $3,300.00 for withholding taxes which he had failed to pay when due, and that he had to reduce this debt by $410.00 each month. He also had a bank note payment of $178.17 each month and a payment of $75.00 each month as support for a child of a previous marriage. He also had a car note of $159.00 per month.

The expenses which appellant paid out of his gross income were detailed and the trial court may well have concluded that some of the items could have been eliminated and others reduced, thus increasing his net income. There was also evidence that appellant's standard of living could not have been maintained on the net income to which he testified. There was testimony from which the trial court could have concluded that the income from appellant's business was substantially less during the pendency of the divorce proceedings than it had been prior thereto. There was evidence that $250.00 per month was reasonably necessary for the support of the child.

The judgment recites that the parties had agreed on the division of their separate and community property, and that no adjudication was made thereon at the request of the parties. Neither the transcript nor the statement of facts shows the nature and extent of this property.

The trial court found that appellant was able to contribute the sum of $250.00 per month for the support of his son. There is evidence to support this finding. The trial court has great discretion in fixing the amount of child support. We cannot say that in this instance the trial court clearly abused its discretion. Clark v. Cohen, 205 S.W.2d 797 (Tex.Civ. App., Galveston 1947); Thompson v. Thompson, 380 S.W.2d 632 (Tex.Civ.App., Ft. Worth, 1964).

Neither are we at liberty to set aside the judgment of the trial court with reference to attorney's fees in the absence of a showing of an abuse of discretion. Thompson v. Thompson, supra; Hayes v. Hayes, 378 S.W.2d 375 (Tex.Civ.App., Corpus Christi 1964); Swenson v. Swenson, 406 S.W.2d 245 (Tex.Civ.App., Eastland 1966).

Here appellee's attorney testified as to the number of hours he had devoted to this case. The size and value of the estate belonging to appellant is not in the record. We cannot say that the trial court abused its discretion in awarding appellee $1500.00 for attorney's fees.

The judgment of the Trial Court is affirmed.