Billy George BROOKS, Appellant,

v.

Maxine Ragle BROOKS, Appellee.

No. 4530.

Court of Civil Appeals of Texas,
Eastland.

March 31, 1972.

Acknowledgement of Remittitur
April 17, 1972.

Scarborough, Black, Tarpley & Scarborough, Beverly Tarpley, Abilene, for appellant.

Herbert L. Hooks, Dallas, Willoughby, Pope, Dickenson, Batjer & Glandon, Robert D. Batjer, Jr., Abilene, for appellee.


McCLOUD, Chief Justice.

This is a divorce case. The trial court entered judgment granting appellee, Maxine Brooks, a divorce and awarding her custody of the three children of the parties. Appellant, Billy Brooks, was ordered to pay child support. The community estate was divided and appellant was ordered to pay appellee's attorney's fees. Billy Brooks has appealed. The appeal is directed to the judgment with respect to custody, child support, and attorney's fees. No complaint is made to the granting of the divorce or the division of property.

Appellant first complains of the action of the trial court in failing to recognize the right of Vivian Brooks, a minor over 14, to choose her guardian or custodian. Alternatively, appellant says the court abused its discretion in failing to consider the expressed wishes of Vivian Brooks as to her custody.

The court found that appellee was a fit and proper person to have custody of all three children and that it was in the best interest and welfare of the three children that their custody be awarded to their mother. During the trial the court examined all three of the children privately in chambers. Vivian was 13 at the time of trial but became 14 before a decision was announced on appellant's motion for new trial. During the hearing on motion for new trial, Vivian in open court expressed her preference that her custody be awarded to her father.

Appellant requested the court to file additional findings of fact and conclusions of law and to find that Vivian Brooks expressed her preference that her custody be awarded to her father both in chambers and later during the hearing on motion for new trial. The court made no reference to such requested finding and did not file any additional findings with reference to custody of Vivian.

Appellant argues that Sections 118 and 229 of the Texas Probate Code V.A.T.S., constitute a limitation on the power of the court in a divorce action to award custody of a child over the age of 14.

Section 118 provides:

"(a) *When No Other Guardian Has Been Appointed.* When an application has been filed for the guardianship of the person or estate, or of both, of a minor who has attained the age of fourteen years, such minor may, by writing filed with the clerk, make choice of the guardian, subject to the court's approval of such choice.

(b) *When Another Guardian Has Been Appointed.* A minor upon attaining the age of fourteen years may select another guardian either of his person or estate, or both, if such minor has a guardian appointed by the court, or if, having a guardian appointed by will or written declaration of the parent of such minor, such last named guardian dies, resigns, or is removed from guardianship; and the court shall, if satisfied that the person selected is suitable and competent, make such appointment and revoke the letters of guardianship to the former guardian. Such selection shall be made in open court, in person or by attorney, by making application therefor."

Section 229 provides:

"The guardian of the person is entitled to the charge and control of the person of the ward, and the care of his support and education, and his duties shall correspond with his rights. It is the duty of the guardian of the person of a minor to take care of the person of such minor, to treat him humanely, and to see that he is properly educated; and, if necessary for his support, to see that he learns a trade or adopts a useful profession."

Appellant contends that the Probate Code defines the guardian of the person as

being the one entitled to the charge and control of the person of the ward and the care of his support and education. He says there is no practical difference between the right of possession and control exercised by a guardian of the person and that of a parent who is granted custody in a divorce proceeding. Appellant recognizes that the preference right discussed in the Probate Code is not absolute. However, he contends the court ignored the minor's expressed preference and such action constituted a denial of the preference right. We disagree.

■ The quoted sections from the Probate Code are applicable to guardianships of the person or estate of minors and are not applicable in the determination of child custody rights between parents.

The Court in Dunn v. Jackson, 231 S.W. 351 (Tex.Comm.1921) said:

"The wishes of a child whose custody is in controversy may, if it be of a sufficiently mature age to judge for itself, be consulted and weighed with other testimony in determining the issue; but its choice is not necessarily a controlling factor."

■ We cannot say that the trial court ignored the minor's expressed preference. The court discussed the custody issue privately with all three children. Vivian after becoming 14 filed two sworn designations of her preference that her custody be awarded to her father. The court was not bound by her choice. We hold that appellant has failed to establish reversible error. Rule 434, Texas Rules of Civil Procedure.

The court ordered appellant to pay the sum of $1500 per month as child support "until all three of said children reach the age of 18 years". Appellant is a medical doctor and his income in 1970 was approximately $92,000. At the time of the trial it appeared his 1971 income would be approximately the same. Just prior to the divorce appellee spent approximately one year as a patient at Timberlawn Psychiatric Hospi-

tal. The trial court found that appellee had not been employed and had no independent income during most of her marriage to appellant and there was little prospect of her obtaining employment in the near future. The court further found that appellee has little, if any, earning power.

■ Appellant attacks the amount of child support and the provision in the judgment requiring him to pay $1500 per month until all three children reach the age of 18. It is well settled that the trial court has great discretion in fixing the amount of child support. Menzies v. Menzies, 419 S.W.2d 398 (Tex.Civ.App.—Houston 1967, no writ); Angel v. Todd, 368 S.W.2d 224 (Tex.Civ.App.—Houston 1963, no writ).

While discussing child support the Court in Willis v. Willis, 425 S.W.2d 696 (Tex.Civ.App.—Houston 1968, no writ) stated:

"The varying financial circumstances of the responsible parent and his ability to pay are to be considered in determining the amount of child support to be ordered by the court, under Article 4639a, Vernon's Annotated Civil Statutes, as well as the needs and requirements of the children and their surroundings and circumstances."

Likewise, the Court in Schwartz v. Jacob, 394 S.W.2d 15 (Tex.Civ.App.—Houston 1965, writ ref., n. r. e.) stated the rule to be followed as follows:

"Again, the matter of the amount of child support is a matter largely within the discretion of the trial court. A court is given continuing jurisdiction over support by Article 4639a, V.A.T.S. The ability of the father, upon whom the primary obligation to support rests, to pay, and the needs of the children, having in mind their station in life, are determinative of the amount."

■ It is obvious from the record that these three minor children were accustomed to a high standard of living. Appel-

lant enjoys a lucrative medical practice and possesses a high earning capacity. In view of appellee's recent past medical history it is problematical if she will be capable of supplying any income for the benefit of the children. We do not think the trial court abused its discretion in setting the child support payments at $500 per month per child. However, we do think the judgment as entered is improper. The requirement that appellant pay $1500 per month until all the children reach the age of 18 years is contrary to the provisions of Article 4639a, Vernon's Ann.Civ.St. which provides in part: "The court may by judgment, order either parent to make periodic payments for the benefit of such child or children, until same have reached the age of eighteen (18) years." While that portion of the judgment ordering the payment of $1500 per month until all three of the children reach the age of 18 years might not be void in a collateral attack, Garza v. Fleming, 323 S.W.2d 152 (Tex.Civ.App.— San Antonio 1959, writ ref., n. r. e.), we do think it is improper and should be reformed in a direct appeal. The intent of the statute is that payments be made for the support of a child until that child reaches 18 years.

We therefore reform the trial court's judgment to provide that appellant is directed to make child support payments of $500 per month per child until such child reaches the age of 18 years. The payments are to be made in the manner and at the times specified in the judgment.

Appellant's last point complains of the trial court's award of $20,000 attorney's fees. Appellant argues that much of the time and effort spent by appellee's attorneys was wasted and in pursuit of an untenable theory. Appellant was a partner in Pathology Consultants. Appellee's attorneys took the position that the partnership composed of three pathologists contained "good will" which should be included as a community asset to be divided between the parties. Appellant argued that his interest in the partnership was controlled by con-

tract and was set at $30,000. Appellant's interest was valued by the trial court at more than $30,000. Appellant does not appeal from that portion of the judgment dividing the property.

■ We think the time spent by the attorneys in developing the case so as to demonstrate the existence and value of good will was warranted. In a case involving a medical doctor, the Fort Worth Court of Civil Appeals has recently held in a case of first impression in Texas that in a divorce case a professional man can acquire good will in connection with his practice or profession and that such good will is a community asset even though intangible. James B. Nail, Jr. v. Alice J. Nail, 477 S.W.2d 395, Tex.Civ.App.—Ft. Worth, February 11, 1972 (not yet reported). See also Mueller v. Mueller, 144 Cal. App.2d 245, 301 P.2d 90 (Calif.Dist.Ct. of App.1956).

Without question, it was necessary for appellee in the present case, who was in Timberlawn Psychiatric Hospital for nearly a year while the divorce was pending, to have her property rights protected. The case was complex and necessitated the employing of local counsel as well as an accountant. Evidence was presented showing the number of hours spent in preparing the case for trial. Considerable expenses were incurred.

■ Appellee's attorney testified concerning the contractual arrangement he had with appellee regarding the amount of attorney's fees. The fee was to be calculated on an hourly basis and by a percentage of the property awarded to appellee. The record contains expert testimony that such fee was reasonable and necessary. However, the fee awarded by the trial court exceeded the contractual arrangement by approximately $2,500. We hold that the award of $20,000 to appellee as attorney's fees is excessive in the amount of $2,500.

This is a matter which may be cured by remittitur. If, within 10 days, a remittitur

of $2,500 upon that portion of the judgment awarding appellee attorney's fees is filed by appellee, the judgment as reformed will be affirmed. If such remittitur is not so filed, that portion of the judgment awarding attorney's fees will be severed and reversed and remanded for retrial.

The judgment of the trial court as reformed is affirmed on condition of remittitur of $2,500.

## ON FILING OF REMITTITUR.

Appellee, Maxine Ragle Brooks, has filed herein a remittitur of $2,500 as suggested by this Court in our opinion dated March 31, 1972. The judgment as reformed is affirmed.