AETNA CASUALTY AND SURETY COMPANY et al., Appellants,

v.

George M. TAFF d/b/a Taff Plumbing and Heating Company, Appellee.

No. 5284.

Court of Civil Appeals of Texas, Waco.

Nov. 15, 1973.

Rehearing Denied Dec. 27, 1973.

Gibson, Darden & Hotchkiss, Tony Hotchkiss, Wichita Falls, for appellants.

L. L. Geren, Groesbeck, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Aetna, and S. P. Barker, Peggy Barker Atchison, and Don Barker d/b/a Barker Construction Company, from that portion of a judgment awarding $3,500. attorney's fees against them.

Plaintiff Taff sued defendants under Article 5160, Vernon's Ann.Civ.St., for alleged balance due on a plumbing subcontract plus reasonable attorney's fees, on a building Barclay Construction was contractor for, and for which Aetna was surety.

Honorable L. L. Geren attorney for plaintiff intervened alleging a contingent fee contract with plaintiff for ⅓ of any recovery by plaintiff and prayed for judgment of ⅓ of "any recovery by plaintiff".

Trial was before the court which found plaintiff entitled to $17,158.03, less deductions of $10,818.83, (leaving $6,339.20); plus $3,500. reasonable attorney's fees. The trial court rendered judgment for plaintiff for $6,339.20; and for Intervenor Geren for $3,500.

Defendants appeal on one point: "The court's award of $3,500. as attorney's fees was excessive and should be reduced under the law and facts applicable to this case."

Defendants have brought forward no Statement of Facts.

Defendants contend any award of attorney's fees is limited in amount to the terms of the contract proven; and to the sum alleged in the pleadings and prayer. Defendants assert since plaintiff was awarded judgment for $6,339.20, and Intervenor Geren plead for ⅓ of plaintiff's recovery, that attorney's fees should be limited to ⅓ of $6,339.20 or $2,113.07, and that the judgment for attorney's fees is excessive by $1,386.93, and should be reformed to such extent.

Plaintiff's suit was for labor and materials furnished as a plumbing subcontractor, and was brought pursuant to Article 5160 V.A.T.S. Such statute provides plaintiff's recovery "for the amount due on the balance thereof unpaid at the time of * * institution of suit *plus* reasonable attorney's fees * *".

Plaintiff was entitled under Article 5160 to recover reasonable attorney's fees, which the judgment of the trial court found to be $3,500 plus the amount due on his subcontract which the court found to be $6,339.20. Thus plaintiff was entitled to a recovery of $9,839.20.

But Mr. Geren intervened alleging a contract with plaintiff for ⅓ of plaintiff's entitlement, and having so plead his recovery is limited to such ⅓, which is $3,279.-73. Brooks v. Brooks, CCA, NWH, Tex. Civ.App., 480 S.W.2d 463; Carpetland Inc. v. Nixon, CCA, NWH, Tex.Civ.App., 394

S.W.2d 269; Rule 301 Texas Rules of Civil Procedure.

Defendants' point is sustained. The judgment is reformed to award Intervenor Geren $3,279.73 (instead of $3,500.). The judgment of $6,339.20 for plaintiff is affirmed.

Costs of appeal are taxed ⅕ against Intervenor Geren and ⅘ against defendants. Rule 448 T.R.C.P.

Reformed and affirmed.