**Charles Gene CARSON, Appellant,**

v.

**Janet Carroll CARSON, Appellee.**

**No. 5470.**

Court of Civil Appeals of Texas, Waco.

Sept. 18, 1975.

Garner, Vickers, Purdom & Nelson, Lubbock, for appellant.

Bob Huff & Associates, Harley Huff, Lubbock, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Charles Gene Carson from that portion of a divorce judgment which required him to pay $1500. to Janet Carroll Carson and $750. attorney's fees.

Appellant filed this case for divorce alleging the marriage had become insupportable because of discord and conflict of personalities; that there were no children and no community property. Appellee filed answer and cross action for divorce, alleging the existence of community property, requesting that same be divided, and praying for $500. attorney's fees.

After hearing, without a jury, the trial court rendered judgment granting Appellant a divorce; awarding Appellant a tent, plus all personal effects in his possession; awarding Appellee a $1500. judgment against Appellant plus $500. attorney's fees if the case be not appealed, and $750. attorney's fees if the case be appealed.

Appellant appeals on 2 points contending the trial court erred: 1) In awarding attorney's fees of $750.; 2) In awarding money judgment of $1500. to Appellee.

Appellee plead for an award of $500. attorney's fees. She testified she had agreed to pay her attorney $500. attorney's fees; and an attorney of the Deaf Smith County Bar testified that an award of $500. would be a reasonable attorney's fee in a divorce case in the area.

The trial court awarded a $500. attorney's fee if the case be not appealed; and on the court's own motion provided the fee would be $750. if Appellant should appeal.

Plaintiff is limited to the amount of the attorney's fee pleaded for, *Carpetland, Inc. v. Nixon*, CCA, NWH, 394 S.W.2d 269; and is limited to the amount of the attorney's fee she agreed to pay to her lawyer. *Brooks v. Brooks*, CCA, NWH, 480 S.W.2d 463. See also Rule 301, TRCP, and *Aetna Cas. and Surety Co. v. Taff*, CCA, NRE, 502 S.W.2d 903. Point one is sustained to the extent indicated.

The trial court further awarded Appellee judgment for $1500. against Appellant.

The trial court made a finding that the community estate and Appellant's personal estate were enhanced by Appellee's separate property funds and that an equitable division of the community estate is an award of Appellant's personal property and the tent to Appellant, and an award of $1500. and her personal effects to Appellee.

The trial court has wide discretion in matters of this nature and will not be reversed unless we are able to say from the record that the trial court acted arbitrarily or that there is an abuse of discretion. See *Renfro v. Renfro*, CCA, NWH, 497 S.W.2d 807, and cases there cited.

The record reflects that Appellee paid out of her separate funds in excess of $800. for repairs of or payments on Appellant's separate property, and in excess of $1100. of her separate funds on community debts; that Appellant is making $1200. per month; and that Appellee would make about $500. per month if she were working; (she is not working); that the parties were married 61 days when Appellant filed for divorce.

We are unable to say from the record that the trial court acted arbitrarily, or that there is an abuse of discretion.

Point 2 is overruled.

The judgment is reformed to delete $250. of the attorney's fee awarded by the trial court, and as reformed is affirmed. Costs of appeal are divided equally between the parties.

Reformed and affirmed.