**William J. WISE and Wise Developments, Inc., Appellants,**

v.

**Rocio Ojeda DeTOCA, Appellee.**

**No. A14–86–00412–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1988.

Charles E. Fitch, Houston, for appellants.

Gary L. Crofford, Daryl W. Bailey, Preston L. Dodson, Jack H. Emmott, III, Houston, for appellee.

Before J. CURTISS BROWN, ROBERTSON and CANNON, JJ.

### OPINION ON REMAND

ROBERTSON, Justice.

The supreme court reversed this court's prior opinion and remanded the cause for consideration of the other points of error. 748 S.W.2d 449. The title insurance companies who were before this court are no longer parties since, as noted by the supreme court, they settled with appellee after application for writ was filed in the supreme court. We will now address the remaining points of error raised by Wise and Wise Developments, who will be referred to only as appellants.

■ In their fourth and fifth points of error appellants contend the answers of the jury that (1) appellants knew the property was subject to the order of the building official and (2) they intended to induce appellee to purchase the property by failing to disclose to her that the property was subject to the order was contrary to the overwhelming weight and preponderance of the evidence. We do not agree.

The evidence shows that when the appropriate city department determines a building is dangerous, an order is immediately issued, that a copy is mailed to the owner and a copy is posted on the building itself. Appellant Wise admitted that "possibly I got something in my file, which is laying on the desk that Preston may have mailed me but I certainly didn't read them and if I have them in there I don't know it." He further admitted that he saw the sign posted on the house and he stated that he was aware of the procedure whereby the city

demolished dangerous buildings if they were not repaired or demolished by the owner. Additionally, appellant admitted that it was he who insisted the earnest money contract include a clause requiring the house to be repaired within twelve months. We conclude this evidence shows that the jury's answers to the two issues in question were not contrary to the overwhelming weight and preponderance of the evidence. Appellant's fourth and fifth points of error are overruled.

■ Appellants grouped within their discussion of the above points of error their ninth point of error complaining of the award of attorneys fees "because there is no basis" for them. However, they present no argument nor authorities in support of this point; it is therefore waived.

In their seventh and eight points of error appellants contend there was no evidence to support the submission of special issue 14(b) and that the finding of the jury in response to issue 14(a) is against the overwhelming weight of the evidence. The issues in question were:

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence, would fairly and reasonably compensate Mrs. Toca for damages, if any, caused by the occurrence in question?

In reaching your conclusion, consider only the following elements of damage and no others. In answering any element of damage, do not include any amount, if any, for any element for which you have placed a figure in any other element.

Answer in dollars and cents, if any, for each element of damage listed below.

ANSWER

a. the value of the potential lien of the City of Houston on the property in question on November 15, 1979.     1,537.95

b. the difference in fair market value of the property in question on November 15, 1979 as subject to the Order of the Building Official, marked Defendants' Exhibit No. 5, and the fair market value of the property in question on November 15, 1979 if it had

ANSWER

not been subject to the Order of the Building Official.     17,500.00

You are instructed that the term "fair market value" means the price the property will bring when offered for sale by one who desires to sell, but is not obliged to sell, and is bought by one who desires to buy, but is under no necessity to buy.

■ Appellee correctly points out that it is largely within the discretion of the trial court to determine the required qualifications of a witness testifying as to property market value. *Urban Renewal Agency of San Antonio v. Abdo*, 562 S.W.2d 872 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.). Further, an owner is competent to testify as to the market value of his own property. *Porras v. Craig*, 675 S.W. 2d 503 (Tex.1984). Based upon these principles, the trial court properly permitted both appellee and her husband to testify as to value. They testified the value of the improvements alone was $20,000. Michael Bubela, a real estate appraiser testified that the value of the land was $10,500 and that on the basis of the $23,000 purchase price, that left some $12,500 for the value of the house. Since the Toca's purpose in purchasing the property was to remodel the house, the jury was justified in finding that the actual value of the improvements was zero since they had been destroyed. Contrary to appellants' contention, we hold this was sufficient evidence to meet the damages standard established by *Leyendecker and Associates, Inc. v. Wechter*, 683 S.W.2d 369 (Tex.1984). The contradictory evidence presented by appellant was insufficient to render the jury finding of $17,500 against the great weight of the evidence.

■ Appellants state that since the lien for demolishing the house did not arise until March 10, 1980, and that since it was not in existence on November 15, 1979, it is not a recoverable item. Appellants do not cite any authority nor advance any argument in support of their position. The amount of the lien was certain and the order of the building official would have established a lien against the property for

the cost of demolition should the house not be repaired and the city carried through with demolition order. The cost of demolition, $1,537.95, was proven. We see no reason for this amount not to be a recoverable item. Appellants' seventh and eighth points are overruled.

In their tenth point of error. appellants contend the trial court erred in awarding pre-judgment interest. Appellee's petition contained only a general prayer for relief. We have previously held that a general prayer for relief is insufficient to support an award of pre-judgment interest. *Texas Industries, Inc. v. Lucas,* 715 S.W. 2d 683 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Appellees argue the rule should be different in a Deceptive Trade Practices Act case because Section 17.50 authorizes the court to award "any other relief which the court deems proper." We do not believe this obviates the necessity for a demand in the petition. Appellants' tenth point is sustained and the judgment is modified to delete therefrom the award of prejudgment interest. In all other respects the judgment is affirmed.

Appellants have not, as authorized by the supreme court mandate, requested a credit based upon appellee's settlement with the title insurance companies.

As modified, the judgment is affirmed as to William J. Wise and Wise Developments, Inc.