**Joe E. PARAMORE, a/k/a Rocky Paramore, Appellant,**

v.

**W. Wayne NEHRING, et al., Appellees.**

**No. 3–87–176–CV.**

Court of Appeals of Texas, Austin.

June 13, 1990.

Jody W. Sims, Fitzgerald, Meissner, Augustine & Gunter, Austin, for appellant.

Michael Curry, Roy O. Smithers, Bragg, Smithers & Curry, Austin, for appellees.

Before POWERS, GAMMAGE and JONES, JJ.

GAMMAGE, Justice.

Joe E. "Rocky" Paramore appeals from a joint and several judgment rendered against Tahitian Village Corporation and Paramore and in favor of Wayne and Nancy Nehring and Alan and Cindy Nehring. Paramore brings one point of error, arguing the trial court erred in rendering judgment for three-times the amount of the prejudgment interest. We will affirm the judgment of the trial court.

This suit arises out of a real estate transaction which began in 1977 and involved the sale of lots in Tahitian Village, a subdivision in Bastrop County, by Tahitian Village Corporation and its sales agent, Paramore, to the Nehrings. The Nehrings brought suit against Tahitian Village Corporation and Paramore, alleging, *inter alia,* violations of the Deceptive Trade Practices–Consumer Protection Act ("DTPA"), Tex.Bus. & Com.Code Ann. §§ 17.41–17.63 (1977). Following a jury verdict for the Nehrings, the trial court entered judgment for the Nehrings and awarded Paramore full right of indemnification against Tahitian Village Corporation for any and all amounts recovered from him individually. Paramore, alone, makes this limited appeal.

Having waived in oral argument his other points of error, Paramore makes one argument: the trial court erred in awarding the Nehrings three-times the amount of the prejudgment interest. The trial court calculated damages separately for the two Nehring couples. The judgment awarded Wayne and Nancy Nehring $32,022.60, calculated as follows:

| | |
|---|---|
| (a) pursuant to the jury's answer to special issue no. 20(a) and (b), actual damages are: | $ 4,200.00 |
| (b) prejudgment interest at 10% from 1/7/78 to the date of the judgment: | 6,474.20 |
| Subtotal: | $10,674.20 |
| (c) Mandatory additional damages 2 × $10,674.20 pursuant to DTPA § 17.50(b)(1) (Supp. 1977): | $21,348.40 |
| Total: | $32,022.60 |

Special issue no. 20(a) and (b) and the jury's answers state in part:

Pertaining to plaintiffs Wayne and Nancy Nehring:

a. The market value of the lot on the date of purchase as represented or promised by one or both defendants. Answer: $8,700.00

b. The actual market value on the date of purchase of plaintiffs' lot as it actually existed with defects, if any: Answer: $4,500.00

The court awarded Alan and Cindy Nehring $16,833.60, calculated as follows:

| | |
|---|---|
| (a) pursuant to the jury's answer to special issue no. 20(a) and (b), actual damages are: | $ 2,200.00 |
| (b) prejudgment interest at 10% from 12/18/77 to the date of the judgment: | 3,411.20 |
| Subtotal: | $ 5,611.20 |
| (c) Mandatory additional damages 2 × $5,611.20 pursuant to DTPA § 17.50(b)(1) (Supp. 1977): | $11,222.40 |
| Total: | $16,833.60 |

Special issue no. 20(a) and (b) and the jury's answers state in part:

Pertaining to plaintiffs Alan and Cindy Nehring:

a. The market value of the lot on the date of purchase as represented or promised by one or both defendants. Answer: $4,400.00

b. The actual market value on the date of purchase of plaintiffs' lot as it actually existed with defects, if any: Answer: $2,200.00

Paramore argues that the DTPA permits trebling of actual damages only, that prejudgment interest is not "actual damages" and should, therefore, not be trebled. Whether prejudgment interest should be recognized as actual damages for purposes of trebling in DTPA cases is unsettled among the courts of appeals. The Fifth Court of Appeals has allowed trebling. *Indust–Ri–Chem Laboratory, Inc. v. Par-Pak Co.,* 602 S.W.2d 282 (Tex.Civ.App.

1980, no writ). The Second, Twelfth, and Fourteenth Courts of Appeals have disallowed it. *Hope v. Allstate Ins. Co.,* 719 S.W.2d 634, 638 (Tex.App.1986, writ ref'd n.r.e.); *Allstate Ins. Co. v. Kelly,* 680 S.W.2d 595, 611 (Tex.App.1984, writ ref'd n.r.e.); *Rotello v. Ring Around Prod., Inc.,* 614 S.W.2d 455, 463 (Tex.Civ.App. 1981, writ ref'd n.r.e.).

■ Section 17.50(b) of the DTPA in effect in 1977 provided that a consumer who prevails in a DTPA action may obtain three times the amount of actual damages. "Actual damages" recoverable under the DTPA are those damages recoverable at common law. *Brown v. American Transfer & Storage,* 601 S.W.2d 931, 939 (Tex. 1980).

■ Prejudgment interest may be either recoverable under a statute or a contract, in which case it is known as interest *eo nomine,* or recoverable at common law under equitable principles as an element of damages. *Benavidez v. Isles Const. Co.,* 726 S.W.2d 23, 25 (Tex.1987); *Watkins v. Junker,* 90 Tex. 584, 40 S.W. 11 (1897). At issue here is whether the prejudgment interest awarded the Nehrings is interest recoverable at common law as damages and thus "actual damages" subject to trebling under the DTPA.

■ In addition to the previously noted court of appeals' decision allowing the trebling of prejudgment interest, at least two other courts have treated prejudgment interest in a DTPA claim as interest recoverable at common law as damages: *American Baler Co. v. SRS Systems, Inc.,* 748 S.W.2d 243, 250 (Tex.App.1988, writ denied) (prejudgment interest not allowed for lack of pleading, following *Benavidez,* 726 S.W.2d at 25, holding that an award of interest *eo nomine* may be supported by a prayer for general relief, but interest recoverable at common law as damages must be pleaded) and *Wise v. DeToca,* 761 S.W.2d 467, 470 (Tex.App.1988, no writ) (prejudgment interest not allowed for lack of pleading, and § 17.50 of the DTPA, authorizing the court to award "any other relief which the court deems proper," does not obviate the pleading requirement).

Interest as "compensation for detention of that which is due on account of injury inflicted," *Watkins,* 40 S.W. at 11, has long been allowed at common law as damages "in all cases where the measure of recovery is fixed by the conditions existing at the time that the injury is inflicted." *Id.* at 12. In the present case, the amounts $4,200 and $2,200, denominated "actual damages" in the judgment, constitute the difference between the value of the lots as represented by Paramore to the Nehrings and the actual value of the lots with defects, or "that which is due on account of injury inflicted." *Id.* at 11. There being no statutory or contract authority for the award here of prejudgment interest, the amounts, $6,464.20 and $3,411.20, denominated as prejudgment interest, represent "compensation for detention of that which is due on account of injury inflicted ... [and] an element of damages necessary to the complete indemnity of the injured party." *Id.* We conclude that, under *Brown,* these amounts are "actual damages" recoverable under the DTPA and thus, subject to trebling. The point of error is overruled.

The judgment of the trial court is affirmed.