James L. ROBERTS and Marilyn
B. Roberts, Appellants,

v.

Nicholas GRANDE, Appellee.

No. C14–92–01272–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 20, 1994.

Rehearing Denied Feb. 17, 1994.

Thomas G. Bousquet, Houston, for appellants.

Barbara A. Parsons, Houston, for appellee.

Before ROBERTSON, CANNON and MORSE.

## OPINION

Robert E. MORSE, Jr., Justice, sitting by designation.

This is an appeal, after a jury trial, from a judgment awarding damages under the Deceptive Trade Practices Act ("DTPA"). TEX. BUS. & COM.CODE ANN. §§ 17.41–.63 (Vernon 1987 & Supp.1994). The issues presented concern the calculation of the damages awarded in the final judgment entered by the court. Specifically, we address the calculation of attorney's fees based upon a percentage of recovery, application of a credit for the settlement paid by other defendants prior to trial, and calculation of prejudgment interest. Appellants bring four points of error, and appellee raises a cross point. We affirm.

Appellants, James L. Roberts and Marilyn B. Roberts, purchased a home from appellee, Nicholas Grande, and his wife, Rose Grande, in December 1987. In February 1988, following heavy rains, appellants discovered defects in the home, including extensive water leaks. On July 21, 1989, appellants filed suit against Mr. and Mrs. Grande; the real estate agent, Clara Gray; the broker, Remax Clear Lake/NASA; and the inspector, R.E. Haggard. Appellants alleged violations of the DTPA, including that the home had numerous defects in the construction that were misrepresented and/or not disclosed to them prior to their purchase of the home. Prior to trial, the real estate agent and broker settled with appellants for $23,000. Haggard filed bankruptcy. After the settlement, all defendants except Mr. and Mrs. Grande were nonsuited.

At trial, the jury found that only Nicholas Grande violated the DTPA and awarded $16,000 in damages. These consisted of $15,000 for repairs and $1,000 for relocation and housing expenses during the repairs. The jury also awarded attorney's fees based on 40% of the recovery, plus appellate attorney's fees based on 5% of the recovery. The trial court entered judgment:

> in the amount of $2,200.00, being the amount found by the jury to compensate Plaintiffs for their actual damages, together with statutory additional damages and attorney's fees, less the $23,000 credit for sums received in settlement from other parties[.]

The court further awarded $900.00 in appellate attorney's fees in the event of an appeal. In addition, the court provided: "It is further ordered that the sum of $2,200 awarded herein shall bear interest compounded annually at 10% per annum from July 21, 1989, until paid."

In determining that the jury's verdict resulted in an award of $2,200, appellants argue that the court made the following calculations: First, pursuant to the provisions of the DTPA, the first $1,000 in damages (out of the total of $16,000 found by the jury) were

trebled, resulting in an award of $18,000. *See* Tex.Bus. & Com.Code Ann. § 17.50(b)(1) (Vernon Supp.1994). Next the court applied the 40% of "recovery" to $18,000, resulting in attorney's fees of $7,200. The court then added these two amounts together, totaling $25,200, before subtracting the $23,000 credit, leaving a result of $2,200.

■ As a preliminary matter, we note that the parties have filed a stipulation as to the record, pursuant to Rule 50(b). Tex.R.App.P. 50(b). The agreed statement of facts before this court consists of copies of the following documents:

1. DTPA demand letter, dated November 3, 1988, introduced at trial, but received by the court as an exhibit to the court only;

2. Stipulation concerning settlement with Clara Gray and Remax Clear Lake/Nasa read into the record at trial;

3. Defendant's Election of Credit read into the record at trial.

When an appellant fails to bring forward a complete record on appeal, we must presume that the evidence before the trial court supported its judgment. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex.1987); *Beck & Masten Pontiac–GMC., Inc. v. Harris County Appraisal Dist.*, 830 S.W.2d 291, 295 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

In their first point of error, appellants contend that the judgment fails to provide for actual damages, additional damages, attorney's fees and prejudgment interest prior to applying the offset. Further, in point four, appellants argue that appellee is not entitled to an offset under the "one satisfaction rule." Appellants conceded at oral argument that appellee is entitled to a credit in light of the supreme court's decision in *First Title Co. of Waco v. Garrett*, 860 S.W.2d 74, 78–79 (Tex.1993). Appellants still contend, however, that the trial court improperly applied the credit.

■ Appellee responds that appellants waived their complaint about the application of the settlement credit because they moved for judgment and subsequently conceded that a credit was proper. When appellants moved for entry of judgment, they did not ask the court to apply a credit. Also, appellants complained to the trial court about application of the credit, in a supplemental motion, prior to the court's ruling on appellants' motion to modify, correct or reform the judgment. These facts are sufficient to preserve the complaint for our review.

■ Texas has four different contribution schemes; the appropriate scheme is determined by referring to the theories of liability by which a tortfeasor has been found culpable. *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 5 (Tex.1991). Because appellee was found liable under the DTPA, this cause is governed by the basic statutory provisions for contribution, Texas Civil Practice and Remedies Code sections 32.001–.003, as expanded by the common law. Tex.Civ.Prac. & Rem.Code Ann. §§ 32.001–.003 (Vernon 1986); *Garrett*, 860 S.W.2d at 78.

■ A prevailing party is entitled to only "one satisfaction" for an injury. *Sterling*, 822 S.W.2d at 5. When a plaintiff files suit alleging that multiple tortfeasors are responsible for the plaintiff's injury, any settlements are to be credited against the amount for which the liable parties as a whole are found responsible, but for which only the nonsettling defendant remains in court. *Garrett*, 860 S.W.2d at 78. Here, even though not adjudicated as joint tortfeasors, appellee and the real estate agent and broker cannot be said to have caused separate injuries. Because this judgment and the previous settlement both compensate an indivisible injury, appellee is entitled to offset the final judgment by the amount of the settlement. *See id.* at 79; *Sterling*, 822 S.W.2d at 7–8. The trial court applied the credit after adding additional damages and attorney's fees, and appellants do not complain about this calculation. Appellants argue, however, that the court should have added prejudgment interest to the damages *before* applying the credit, instead of afterwards. We disagree.

Appellants rely on two cases from the Austin court of appeals for the proposition that prejudgment interest is a component of actual damages that may be trebled under the DTPA. *See Celtic Life Ins. Co. v. Coats*, 831 S.W.2d 592 (Tex.App.—Austin 1992), *rev'd on other grounds*, 36 Tex.S.Ct.J. 1259, 1993 WL 343159 (Sept. 10, 1993); *Paramore v. Nehring*, 792 S.W.2d 210 (Tex.App.—Austin 1990, no writ). This court has not accepted that view and declined to consider prejudgment interest part of actual damages to be trebled under the DTPA. *Rotello v. Ring Around Products, Inc.*, 614 S.W.2d 455, 463 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Because we determine that prejudgment interest should not be included as actual damages before trebling, we also must conclude that prejudgment interest should not be added to actual damages before application of a settlement credit. *Berry Property Management, Inc. v. Bliskey*, 850 S.W.2d 644, 671 (Tex.App.—Corpus Christi 1993, writ dism'd); *see also Sterling*, 822 S.W.2d at 9 (prejudgment interest calculated after settlement credit). Therefore, we find that the trial court correctly applied the $23,000 settlement amount. We overrule points of error one and four.

In their second point of error, appellants claim the judgment does not contain prejudgment interest, as required by TEX. REV.CIV.STAT.ANN. art. 5069–1.05, § 6 (Vernon Supp.1994). At oral argument, appellants recognized that the judgment entered by the trial court awarded prejudgment interest by providing for interest from the date suit was filed. Appellants continue to argue, however, that interest should have begun 180 days after notice of the claim was received, because that was earlier than the date of suit, as provided in TEX.REV.CIV.STAT.ANN. art. 5069–1.05, § 6(a) (Vernon Supp.1994). To establish the date notice was received, appellants submitted to the court at trial their DTPA notice letter and a certified mail green card. Receipt of this letter by appel-

lee was apparently disputed, and based upon the record before us, we cannot say that the trial court erred in computing interest beginning on the date of suit rather than 180 days after the date notice was alleged to have been received. We overrule point of error two.

Although not raised by a cross point, appellee argues that prejudgment interest should not have been added to the judgment at all. He contends that after applying the settlement credit, the resulting award consists only of attorney's fees. Appellee asserts that prejudgment interest is not recoverable on attorney's fees. *Hervey v. Passero*, 658 S.W.2d 148, 148–49 (Tex.1983); *see also Southwestern Bell Tel. Co. v. Vollmer*, 805 S.W.2d 825, 834 (Tex.App.—Corpus Christi 1991, writ denied). We do not know that the resulting award consists only of attorney's fees; the settlement agreement is not in the record before us and may have included attorney's fees. Thus, the credit could arguably offset at least some of the attorney's fees awarded at trial. Even had he properly presented this point, appellee has not demonstrated that the trial court erred in awarding prejudgment interest.

Appellants argue in point of error three that the judgment does not contain the correct amount of attorney's fees. Jury question nine asked:

What is a reasonable fee for the necessary services of the Roberts' attorneys in this case, stated as a percentage of recovery?

Answer by stating a percentage through trial:

40%

Answer by stating an additional percentage for an appeal to the Court of Appeals:

5%

The term "recovery" was not defined.[1] The trial court apparently considered the recovery to be the $16,000 in actual damages plus

---

1. Even though this manner of submission of attorney's fees is suggested by the Texas Pattern

Jury Charges, it is not binding on the courts and we express our disapproval. *See* 4 STATE BAR OF

the $2,000 additional damages under the DTPA. We do not know what items were intended to be included in the recovery; we do not have in the record any contingent fee contract entered into by appellants and their attorney, or any other evidence concerning attorney's fees; we do not know if either party objected to the submission of the jury question on attorney's fees, or if a definition of the term "recovery" was offered. In view of the state of the record, we cannot say that the trial court erred in its calculation.

■ Appellants argue that the intent of the question was to include the attorney's fees amount into the plaintiff's recovery before calculating the 40% award. We reject appellants' argument and decline to infer that intent. The cases cited by appellants that awarded attorney's fees under authority of the Insurance Code are not dispositive here. See Great Am. Ins. Co. v. N. Austin Mun. Utility Dist. No. 1, 850 S.W.2d 285 (Tex.App.—Austin 1993, writ requested); Benefit Trust Life Ins. Co. v. Littles, 869 S.W.2d 453 (Tex.App.—San Antonio 1993, writ requested). Under article 21.21 of the Insurance Code, a prevailing party is entitled to "the amount of actual damages plus court costs and reasonable and necessary attorneys' fees." TEX.INS.CODE ANN. art. 21.21, § 16(b)(1) (Vernon Supp.1994). Thus, under that statute, attorney's fees are considered part of the plaintiff's recovery. Great Am. Ins. Co., 850 S.W.2d at 291. In contrast, under the DTPA, the attorney's fees are to be awarded separately from plaintiff's recovery. TEX.BUS. & COM.CODE ANN. § 17.50(b), (d) (Vernon 1987 & Supp.1994).

In addition, under the Insurance Code, if the defendant knowingly committed the acts complained of, the court must treble the damages. TEX.INS.CODE ANN. art. 21.21 § 16(b)(1) (Vernon Supp.1994). The Austin court in Great American found that it was required to calculate attorney's fees in the manner advocated here in order to preserve the treble damages award required by the statute. Great Am. Ins. Co., 850 S.W.2d at 291; accord Littles, 869 S.W.2d at 472. In contrast, trebling under the DTPA is not mandatory. TEX.BUS. & COM.CODE ANN. § 17.50(b)(1) (Vernon Supp.1994). In this case, the jury found appellee's conduct was done knowingly, but failed to award additional damages. Thus, the reasoning used by the Austin court does not apply here. We find no support for the argument that attorney's fees are intended under the DTPA to be included as an element of plaintiff's recovery in calculating attorney's fees based on a percentage of recovery.

In addition, we are not persuaded by Barnes v. Western Alliance Insurance Co., 844 S.W.2d 264, 272–73 (Tex.App.—Fort Worth 1992, writ dism'd), cited by appellants. Barnes concerns an independent insurance adjuster's fee, rather than attorney's fees. Further, the jury in Barnes was asked to determine the fee based on a contract providing for an award of 20% of the plaintiff's "gross amount recovered." The court of appeals found that it was proper to include attorney's fees as part of the "gross recovery." Id.

Appellants' reliance on Aetna Casualty and Surety Co. v. Taff, 502 S.W.2d 903 (Tex. Civ.App.—Waco 1973, writ ref'd n.r.e.) is also misplaced. There, the discussion of attorney's fees concerned fees awarded to an intervening attorney in a suit against the surety on a construction contract. The trial court determined $3,500 to be a reasonable attorney's fee for the intervenor. The intervenor had pled for one-third of plaintiff's recovery, and on appeal, the complaint was that $3,500 exceeded one-third of the $6,839.20 in damages awarded. The appeals court found that plaintiff was entitled to a recovery of its damages plus attorney's fees, added the $3,500 to the damage award, and allowed the intervenor to recover one-third of that total.

TEXAS, TEXAS PATTERN JURY CHARGES PJC 110.16 (1990); Keetch v. Kroger Co., 845 S.W.2d 276, 281 (Tex.App.—Dallas), aff'd, 845 S.W.2d 262 (Tex.1992). For the reasons apparent here, this type of submission generates problems. At the least, it seems a definition of, or instruction on, the term "recovery" would be in order.

*Id.* at 904. We find that *Taff* is inapplicable here. The trial court in *Taff* found a specific dollar amount to be a reasonable fee, and it added that amount to the recovery. There was no such finding here.

Furthermore, the Corpus Christi court has rejected application of *Taff* to allow the type of calculation urged by appellants. That court has determined that to add attorney's fees to the damage recovery and then apply the percentage found by the jury would award a percentage in excess of what the jury found reasonable. *Goodyear Tire and Rubber Co. v. Portilla,* 836 S.W.2d 664, 671–72 (Tex.App.—Corpus Christi 1992, writ granted on other grounds); *see also Bliskey,* 850 S.W.2d at 671. We agree that it would be improper to award attorney's fees in the manner requested by appellants when attorney's fees are submitted to the jury as here. The method of calculation used by the trial court allows appellants to recover the full amount of damages the jury determined they suffered without having to bear the cost of their attorney's fees. *See Bliskey,* 850 S.W.2d at 671. In our opinion, the purpose of the provision for attorney's fees in the DTPA, i.e., to prevent a consumer from paying its attorney's fees out of any damage award, has been satisfied.

We overrule appellants' third point of error.

 In his cross point, appellee argues that the judgment should not have included contingent attorney's fees on "recovery" before applying the credit under the "one satisfaction rule." He contends the trial court should have applied the offset first, leaving no remaining "recovery" on which to apply the percentage, and consequently no attorney's fees should have been awarded. Under the DTPA, consumers are allowed an award of attorney's fees incurred in the successful prosecution of a claim under the act, even though the claim might be entirely offset by a claim of an opposing party. *McKinley v. Drozd,* 685 S.W.2d 7, 9–10 (Tex.1985). Similarly, applying an offset from a previous settlement should not deprive a consumer of its attorney's fees. In construing the language of the DTPA, the meaning of the word "prevail" is to prevail on a claim under the act, rather than to obtain a net recovery. *Id.* at 9. Thus, we conclude the court properly calculated attorney's fees before applying the offset. We overrule appellee's cross point.

Based upon the record before us, we cannot say that the trial court erred in its calculations of the damages awarded in the judgment. We affirm the judgment of the trial court.