Maydelle PRESTON, Appellant,

v.

W. B. PRESTON, Jr., Appellee.

No. 6062.

Court of Civil Appeals of Texas,
El Paso.

March 18, 1970.

Milburn & Hirsch, H. Thomas Hirsch, Eben D. Warner, III, Odessa, for appellant.

Kerr, Fitz-Gerald & Kerr, L. Lloyd MacDonald, Midland, for appellee.

## OPINION

PRESLAR, Justice.

This is a divorce action brought by the wife (appellant), and the appeal is from that portion of the judgment relating to the partition of the property of the marriage.

An interlocutory judgment of divorce was granted the wife on June 1, 1966, by which order the court reserved for later determination the questions of child custody and property partition. Further hearings were had in January, 1969, without the aid of a jury, and by judgment entered April 11, 1969, the court made final its decree of divorce of June 1, 1966, awarded custody of the children to the appellee-husband, partitioned the community property as of June 1, 1966, and awarded the wife attorney's fees. As indicated, all assignments of error are directed at the court's action in regard to the partition of property.

The trial court filed findings of fact and conclusions of law which are very detailed and thorough and, taken with the entire record, they show a commendable painstaking effort to dispose correctly of all matters in controversy. We are of the opinion that no error is presented and that the judgment should be affirmed.

The record in this case supports a summation of the situation as being that there was very little community property accumulated, though the parties lived in a manner indicating good income and considerable property (because of an inheritance). The husband had no employment, as such, and on the death of his father in 1959, he and his sister inherited a considerable estate. With the apparent indulgence of the sister, the husband-appellee used much of the estate in ventures into the oil business and the ranching business. These ventures were not successful, but his family lived well, while the estate dwindled, and an illusion of apparent wealth was created.

Appellant raises the question that two of the findings of the court are in conflict; that a finding that the herd of cattle, owned at the time of the divorce, is jointly owned by the sister and the community is in conflict with the presumed finding that a bank debt is not such a joint obligation, but is solely that of the community. This is not a true conflict of findings in the sense that both cannot stand in the same judgment.

> "To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it." (Nichols v. Red Arrow Freight Lines, Tex.Civ.App., 300 S.W.2d 740, n. r. e.).

Each of these findings is based on a separate set of facts and each is supported by the evidence, and not being in fatal conflict they do not call for reversal of the judgment. The appellee-husband was ordered to pay this debt, and the record will not support the implication that he was given community property to offset it, certainly not to such an extent that the trial court abused its discretion in the partition of the community property.

Assignments of error are made as to the sufficiency of the evidence to sup-

port certain findings of fact. This court summarized the rules for appellate review of such assignments in Travelers Ins. Co. v. Miller, Tex.Civ.App., 390 S.W.2d 284, and repeated them in Vickerstaff v. Vickerstaff, Tex.Civ.App., 392 S.W.2d 559, as follows:

" 'Appellant makes the dual assertion that there is no evidence to support this finding, or that the evidence is insufficient to support it. When such dual assignment is made, we must first dispose of the "no evidence" contention by looking only to the evidence favorable to such finding. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. This is a question of law as distinguished from a question of fact, and thus its determination requires either affirmance or rendition, rather than remand for a new trial. Being a question of law, it is reviewable by the Supreme Court. A determination of the question of the sufficiency of the evidence is said to be a fact question in which courts of civil appeals are final, and such a determination calls for either affirmance or remand for new trial—never rendition—and it is determined by looking to all of the evidence to see if it is factually too weak to support the findings made by the jury.' "

We quote the above to note the distinction between no evidence assignments and insufficiency or against the great weight and preponderance points, because appellant's points of error use the language that the court erred in the particular findings "because the overwhelming preponderance of the evidence was to the contrary so as to make the finding manifestly unjust." At this point, we must make a determination as to whether we are to review these assignments as "no evidence" points or "insufficiency of the evidence" points. On their face, they are clearly an assertion of insufficiency of the evidence or against the great weight and preponderance; yet the briefing is otherwise in some instances. However, in her prayer for relief, appellant asks that the case be remanded for a new trial. We have concluded that the assignment must be considered as "insufficiency" or "against the great weight and preponderance of the evidence" points—fact questions. In determining "insufficiency of the evidence" or "contrary to the great weight and preponderance" points, we must consider and weigh all the evidence in the case and set aside the verdict or finding if we conclude that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Both the evidence for and against the finding must be considered. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. See also, "The Question of Insufficient Evidence on Appeal", 30 Texas Law Review 803, by former Supreme Court Justice W. St. John Garwood, and " 'No Evidence' and 'Insufficient Evidence' Points of Error", 38 Texas Law Review 359, by Chief Justice Robert W. Calvert. We have carefully reviewed the two volumes of evidence and have concluded that the findings complained of are not against the great weight and preponderance of the evidence. It must also be noted that the trial court is vested with broad discretion in partitioning the community property when a divorce is granted. Under such circumstances, if we assumed that the trial court erred in finding the values or amounts of property in certain instances, appellant would still have the burden of showing that the court then abused its discretion in its division or partition of the property under the new values assumed. The test to be applied by this court, as to the discretion of the trial court in its division of the community property, is not what we would have done under the circumstances—whether we would have reached the same result—but whether the result reached by the trial court amounted to an abuse of discretion to the extent that it should be reversed. For example, appellant assigned error in the finding that certain ranch equipment sold for $6,000.00 and the testimony was that the price was

$6,500.00; that the values proved on a Chrysler automobile differed from that found by the court; that a value should have been given to an unexpired two months on a grazing lease. These points, if established, would still leave the question of whether, under such new values, the court's partition of the community property amounted to such an abuse of discretion that the judgment should be reversed. In our examination of the record, we do not find such an abuse of discretion.

■ The court found that a herd of cattle in existence at the time of divorce was owned jointly by the husband and his sister, and appellant says this was error because on the parties' income tax they took the losses to the exclusion of the sister. This was an element to be considered on the question of ownership, but it did not outweigh the direct testimony to the contrary, the evidence as to the source of the purchase price, and the other practices of the parties bearing on ownership—their joint financing, etc. Also, as to the primary question of partition between husband and wife, it should be noted that these were joint returns of the husband and wife, and any benefits from claiming all of the losses accrued to her as well as to him. It was a losing venture which did not produce an increase in the form of any community property. We take judicial notice that there can be no increase by offspring from a herd of steers.

All points or error have been considered and all are overruled.

The judgment of the trial court is affirmed.