Rois Merl THOMAS, Appellant,

v.

Amy Elephair THOMAS, Appellee.

No. A2426.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 30, 1980.

Warren G. King, Law Offices of Roy W. Moore, Houston, for appellant.

Wiley Thomas, Angleton, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

## ON FILING OF REMITTITUR

PAUL PRESSLER, Justice.

Appellee, Rois Merle Thomas, has filed herein a remittitur of $950.00 as suggested by this Court in our opinion dated July 23, 1980. The judgment as reformed is affirmed.

This is an appeal from a judgment in a divorce action. Appellant contests the property division, including the award of attorney's fees, and contends that a portion of the award constitutes alimony in violation of Texas law. We affirm on condition of remittitur.

Appellant alleges that the division of the community estate made by the trial court was an abuse of its discretion. Tex.

Fam. Code Ann. § 3.63 (Vernon 1975). In support of this claim, he raises four points of error challenging supposed findings of fact which placed allegedly erroneous values on certain real estate and appellant's pension plan, both of which were community property. Findings of fact and conclusions of law were entered; however, none of these placed values on any of the assets. Appellant is relying on values given orally by the court at the conclusion of the trial. These statements cannot be construed as findings of fact and, thus, cannot be relied upon in attacking the division made by the court. *White v. White*, 519 S.W.2d 689 (Tex.Civ. App.-San Antonio 1975, no writ); *Murray v. Murray*, 350 S.W.2d 593 (Tex.Civ. App.-Dallas 1961, no writ).

Were we to assume that the trial court made the division based on the values given orally to appellant's counsel, 60% of the $175,000.00 community estate was awarded to appellee and 40% to appellant. Were we to accept the disputed values of the two assets as those claimed by the Appellant, 70% of the community estate was awarded to appellee and 30% to appellant. Based on the facts in the record, a 70/30 division of the community estate did not constitute an abuse of discretion considering the parties' comparative age, earning capability, education level, probable needs for future support, and the facts which led to the divorce. The mere fact that certain assets were either undervalued or overvalued does not, in and of itself, constitute an abuse of discretion. *Preston v. Preston*, 453 S.W.2d 389 (Tex.Civ.App.-El Paso 1970, no writ).

As part of the property division, the judgment also obligated appellant to pay appellee $10,000.00 in cash plus $500.00 each month for one year, for a total cash award of $16,000.00. Appellant argues that the award of $500.00 each month is alimony, not permitted under the laws of the state of Texas *Francis v. Francis*, 412 S.W.2d 29 (Tex.1967). As part of the property division, a trial court may order one party to pay a cash sum to the other in order to achieve an equitable balance between the parties, even where there is no cash in the community estate. *Weaks v. Weaks*, 471 S.W.2d 454 (Tex.Civ.App.-Beaumont 1971, writ dism'd). The fact that a portion of that cash is to be paid in monthly installments over a fixed period of time does not make such an award alimony. This obligation in the judgment does not terminate upon the occurrence of any contingency. The court stated in the divorce decree that the cash award was being made "to adjust the property rights between the parties" in light of the division of the rest of the community estate. It appears that the court was attempting to do nothing more than to make the burden upon appellant less onerous by making a portion of the $16,000.00 payable in future installments over a fixed period of time. We hold that these payments do not constitute alimony. They relate to the rights and equities of the parties in and to the community property held at the time of the divorce, even though they are not made payable from a specific source. *Garrett v. Garrett*, 534 S.W.2d 381 (Tex.Civ.App.-Houston [1st Dist.] 1976, no writ).

Appellant raises several objections to the award of $3,000.00 in attorney's fees to appellee's attorney. He had testified that appellee had advanced him a $2,500.00 retainer and agreed to pay $150.00 per hour for preparation of the case plus $1,800.00 per day for trial. He further testified that he had spent 15 hours preparing the case and that between $4,000.00 and $5,000.00 would be a reasonable fee. He also testified that there were attorneys with a substantial practice in Brazoria County who charged at least the same rate. Based on the agreement between appellee and her attorney and the services actually rendered by her attorney, appellee was obligated to pay $4,050.00. She had already paid a $2,500.00 retainer. Consequently, the award by the court of $3,000.00 in addition to the $2,500.00 already paid by appellee exceeded the fee to which he was entitled by $950.00. This is impermissible. *Brooks v. Brooks*, 480 S.W.2d 463 (Tex.Civ.App.-Eastland 1972, no writ); *Carson v. Carson*,

528 S.W.2d 308 (Tex.Civ.App.-Waco 1975, no writ). It may be cured by remittitur. If a remittitur of $950.00 is filed by appellee, within 30 days of the rendering of this opinion, this portion of the judgment will be affirmed.

■ Appellant also contends that there is no evidence or that it is against the great weight and preponderance of the evidence to find that he purchased an automobile with community property for a female other than his wife. We agree that this finding is contrary to the great weight and preponderance of the evidence. However, this is harmless error as there is no indication that this finding either influenced the division of the community property or resulted in the rendition of an improper judgment. Tex.R.Civ.P. 434.

■ Appellant next complains of the trial court's finding that:

Petitioner had in his possession, shortly after the trial of this case, the sum of $18,000.00, realized from a settlement with the Brazos River Authority.

Appellant contends that a finding as to a future fact is improper. However, this finding is based upon appellant's own admission in court, under oath. This serves as an adequate basis for such a finding. This sum was appellant's separate property. The court did not award any portion of it to appellee and, therefore, did not violate the rule in *Campbell v. Campbell*, 23 Tex.Sup. Ct.J. 391 (June 7, 1980). The court could properly consider the circumstances of the parties in dividing the community property.

■ Appellant also attacks the court's finding that appellant's conduct constituted mental cruelty as against the great weight and preponderance of the evidence and as not supported by the pleadings. This finding is relevant to the property division. As mental cruelty was not the grounds for the divorce, it was not required to be included in the pleadings. The record contains ample support for this finding.

Affirmed on condition of remittitur.