TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00382-CV






Phil Zarate, Appellant



v.



Elsa Sauter Zarate, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 11,766, HONORABLE JOE CARROLL, JUDGE PRESIDING







PER CURIAM


 Phil Zarate appeals the final decree of divorce rendered in the dissolution of his
marriage from appellee Elsa Sauter Zarate. We will affirm the trial court's judgment.

 By point of error one, Phil Zarate complains that the trial court erred in overruling
his motion for new trial because his counsel at trial was ill-prepared. The trial court's decision
whether to grant a new trial is discretionary and the court's ruling will not be disturbed on appeal
absent a showing of an abuse of that discretion. Superior Packing, Inc., v. Worldwide Leasing
& Fin., Inc., 880 S.W.2d 67, 71 (Tex. App.--Houston [14th Dist.] 1994, writ denied). On
appellate review, every reasonable presumption will be made in favor of a trial court's refusal to
order a new trial. Jackson v. Van Winkle, 660 S.W.2d 807, 810 (Tex. 1983).

 The motion for new trial alleged that Phil Zarate deserved a new trial because his
trial counsel's "ineffective assistance" denied him "his right to due process and justice." The basis
of his claim was that while Elsa Zarate's original petition for divorce was a simple petition for
divorce, the amended petition filed two weeks before trial alleged cruelty, separate property, a
claim for equitable reimbursement, and a request for a disproportionate share of the parties'
estate. A pleading may be amended without leave of court if the amended pleading is filed more
than seven days before trial and does not surprise the opposing party. Tex. R. Civ. P. 63. (1) Phil
Zarate's trial counsel did not request a continuance, nor does the record reflect that he claimed
surprise or prejudice. Even assuming the attorney was negligent, Phil Zarate does not cite, nor
do we find, any cases holding that due process guarantees a litigant effective assistance of counsel
in a civil trial. Finding no abuse of discretion, we overrule point of error one.

 By point of error two, Phil Zarate complains that the trial court erred in awarding
Elsa Zarate a disproportionate share of the estate. The parties dispute the value of the community
estate: Phil Zarate claims that the total value is $277,610, (2) while Elsa Zarate claims that the total
value is at most $143,000. The parties did not request, and the trial court did not file, findings
of fact and conclusions of law. In the absence of findings of fact, this Court may presume that
the trial court resolved all legal and factual issues raised by the evidence in a manner that supports
the judgment. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Burnett v. Motyka, 610
S.W.2d 735, 736 (Tex. 1980). Phil Zarate claims that the court awarded eighty-one percent of
the marital estate to Elsa Zarate and nineteen percent to him; we will accept his assertion for
purposes of analysis only.

 Texas Family Code section 3.63 provides that the trial court shall order a "just and
right" division of the community estate. (3) The trial court exercises great discretion in dividing the
property. Cockerham v. Cockerham, 527 S.W.2d 162, 173 (Tex. 1975). The trial court's
division is presumed correct, and Phil Zarate has the burden to show by the record that the
division has no rational basis because the division was manifestly so disproportionate (4) as to
constitute an abuse of judicial discretion. Cockerham, 527 S.W.2d at 173 ; Dorfman v. Dorfman,
457 S.W.2d 417, 422 (Tex. Civ. App.--Texarkana 1970, no writ). In exercising its discretion, the
trial court may consider such factors as the spouses' capacities and abilities, benefits which the
party not at fault would have derived from continuation of the marriage, business opportunities,
education, relative physical conditions, relative financial condition and obligations, disparity of
ages, size of separate estates, and the nature of the property. Murff v. Murff, 615 S.W.2d 696,
699 (Tex. 1981).

 We apply the Murff factors to this case. The Zarates married in 1966. Phil Zarate,
a fifty-seven year old retired military officer, is employed as a personnel and safety manager
earning $1,800 a month. Elsa Zarate, forty-eight, was the primary caretaker of the parties' two
children and, until the parties separated, had last worked outside of the home in the 1960s. Elsa
Zarate's earning capacity is also diminished because her eleven years of education in Germany
is not recognized as the equivalent of a United States high school education. She works part-time
at two different jobs, earning at the most $4.50 an hour. 

 At trial, Elsa Zarate claimed approximately $95,000 that she had inherited
as her separate property. Of that, Elsa Zarate testified that $17,000 was used to purchase a family
car; $35,000 was used as a downpayment on the parties' home in Copperas Cove; some portion
less than $10,000 was used as a downpayment on a house in Houston; and approximately $35,000
remained in a certificate of deposit at the time of trial. A party's separate estate is entitled to
reimbursement from the community estate for expenditures made on behalf of the community
estate. Norris v. Vaughan, 260 S.W.2d 676, 682 (Tex. 1953); Matter of Marriage of Thurmond,
888 S.W.2d 269, 273 (Tex.App.--Amarillo 1994, writ denied); Horlock v. Horlock, 533 S.W.2d
52, 58 (Tex. Civ. App.--Houston [14th Dist.] 1975, writ dism'd).

 The divorce was granted on the ground of insupportability, with Elsa Zarate
claiming that Phil Zarate quit coming home regularly before she filed for divorce and also that he
had threatened her regarding the property division.

 In sum, factors supporting a disproportionate distribution include (1) Elsa Zarate's
relative lack of marketable skills, (2) her claim for reimbursement, and (3) fault in the divorce. 
Even assuming the distribution is as disproportionate as Phil Zarate claims, we conclude there is
no abuse of discretion since there is a rational basis for the division. We overrule point of error
two.

 By point of error three, Phil Zarate complains that the trial court erred in its
division of the marital estate because it did not have proper evidence regarding the value of the
assets before making a decision, and because the court accepted and based its division on improper
evidence. Phil Zarate is mistaken. The record shows the court received both oral and
documentary evidence on the value of real and personal property. Neither Phil nor Elsa Zarate
knew the cash surrender value of three insurance policies with face values of $50,000, $25,000,
and $10,000. (5) However, even assuming the face amount of the policies as the cash surrender
value, Phil Zarate must prove that the division arrived at is so unjust and unfair as to constitute
an abuse of discretion. Cockerham, 527 S.W.2d at 173; Wallace v. Wallace, 623 S.W.2d 723,
725 (Tex. Civ. App.--Houston [1st Dist.] 1981, writ dism'd). Because evidence exists upon which
the trial court could have based its division, we hold that the trial court did not abuse its
discretion. Point of error three is overruled.

 We affirm the trial court's judgment.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 12, 1995

Do Not Publish
1.   Rule 63 provides:


Parties may amend their pleadings . . . as they may desire by filing such pleas
with the clerk at such time as not to operate as a surprise to the opposite party;
provided, that any pleading . . . offered for filing within seven days of the date of
trial or thereafter . . . shall be filed only after leave of the judge is obtained,
which leave shall be granted . . . unless there is a showing that such filing will
operate to the surprise to the opposite party.


Tex. R. Civ. P. 63.
2. Phil Zarate's calculations include the face value of three insurance policies totalling
$85,000, discussed below. His calculations also assume that all of the property is community
property, even though Elsa Zarate claimed $95,000 as her separate property.
3. The relevant portion of section 3.63 provides:


In a decree of divorce or annulment the court shall order a division of the estate
of the parties in a manner that the court deems just and right, having due regard
for the rights of each party and any children of the marriage.


Tex. Fam. Code Ann. § 3.63 (West 1993).
4.   Cases in which a disproportionate distribution was upheld include: Oliver v. Oliver, 741
S.W.2d 225, 228 (Tex. Civ. App.--Fort Worth 1987, no writ) (eighty-twenty split justified by
husband's fault and relatively greater income); Thomas v. Thomas, 603 S.W.2d 356 (Tex.
Civ. App.--Houston [14th Dist.] 1980, writ dism'd) (seventy-thirty split not abuse of discretion
considering parties comparative age, earning capability, education, probable needs for future
support, and facts that lead to divorce); Knight v. Knight, 502 S.W.2d 840, 849 (Tex. Civ.
App.--San Antonio 1973, writ dism'd) (award of almost all net assets to wife and all debt to
husband justified under circumstances); Dorfman v. Dorfman, 457 S.W.2d at 419-20 (three-fourths to one-fourth split upheld when trial court also set aside money as wife's separate
property).
5.   The record shows that the parties were relatively indifferent to the issue of the cash
surrender value of the policies, compared to the debate regarding the value of real property
and even miscellaneous household equipment. Although Phil Zarate propounded
interrogatories to Elsa Zarate, he did not question her regarding the value of the policies. The
parties did not present the cash surrender value of the policies as an issue in opening remarks. 
Phil Zarate testified that he did not know whether the policies had any value. Elsa Zarate
testified on direct that she didn't know whether the $50,000 or $10,000 policy had any cash
surrender value; she believed the $25,000 policy had "some" cash surrender value but that she
did not know how much. Phil Zarate did not cross examine her on the issue.